UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX BRUNO,<br><br>           Petitioner,<br><br>      v.<br><br>R. NEUSCHMID, Warden,<br><br>           Respondent. | No. 2:19-cv-00934 DAD AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on a petition which challenges petitioner's 2015 conviction for two counts of attempted murder. ECF No. 1. All four claims allege the ineffective assistance of appellate counsel. Respondent has answered, ECF No. 12, and petitioner has filed a traverse, ECF No. 18.

BACKGROUND

I.   Proceedings in the Trial Court

   A.  Preliminary Proceedings

By an information filed in Sacramento County Superior Court on March 15, 2013, petitioner was charged with two separate counts of attempted murder (Cal. Penal Code §§ 664 & 187(a)) both occurring on September 21. As to each count it was further alleged that petitioner personally discharged a firearm (Cal. Penal Code § 12022.53(d)) and inflicted great bodily injury

1

(Cal. Penal Code § 12022.7(a)).  1 CT 79-80.[1]  Petitioner pled not guilty to the charges.

B.  The Evidence Presented at Trial

The jury heard evidence of the following facts.[2]  On a September afternoon in 2012, Vanessa Stevenson was having her 18th birthday party at her house.  Among the party guests was a woman named Priscilla, who was romantically involved both with Vanessa's brother, Guy, and with petitioner.  Guy was not at the party, and there was conflicting testimony about his whereabouts and the status of his relationship with Priscilla at the time.

Petitioner arrived at the party looking for Priscilla.  He pulled his car up in front of the house and asked for Priscilla without getting out of the car.  He appeared upset and held a gun.  Priscilla was located inside the house and was told that petitioner wanted her.  She went outside and got in the car, which was positioned between a mailbox and a boat.  The two argued.

Petitioner fired from the car into a group of partygoers who were standing in front of the house in front of the garage.  The gunfire shattered one of the car's windows.  One witness heard four or five shots, another said seven, still another said it was "probably the whole clip."  Bullets hit the boat and the garage.  Nick Stevenson, Vanessa's father, heard the gunshots and was hit by a bullet.  At the hospital, doctors placed him in a coma for months, after which he was permanently disabled.  Julian Sabido was standing on the right side of the garage, several feet behind the boat on the driveway when he was shot.  He fell to the floor and was then driven to the hospital.  Petitioner drove away.

Most of the percipient witnesses had been drinking at the time of the shooting.  Their testimony was inconsistent regarding numerous details.  Vanessa Stevenson told detectives she didn't want to be a snitch, and at trial told the jury that she did not remember the shooting.  Nick Stevenson was in custody when he testified.  Both Vanessa and Nick Stevenson had previously suffered felony convictions.

The car that petitioner fired from was a rental car that his grandmother had rented a few weeks before the shooting.  Twice during those weeks, petitioner went back to the rental agency

---

[1] "CT" refers to the Clerk's Transcript on Appeal, lodged at ECF Nos. 13-12 & 13-13.
[2] See Reporter's Transcript on Appeal ("RT"), lodged at ECF Nos. 13-10 & 13-11.

to pay for the rental. The day after the shooting, petitioner took the car to an auto repair shop and asked that they fix the broken right rear window and a hole in the right rear door. A week after the shooting, police recovered the car from one of the workers at the shop. Police found gunshot residue on the ceiling of the car's passenger compartment. An expert testified that the residue was consistent either with a firearm being fired nearby or an item with gunshot residue touching the ceiling. The police also found a bullet lodged in the inside of the car's right rear door. The position of the bullet and condition of the door indicated that the bullet struck the inside of the door but did not penetrate it. A police forensics expert opined that the same gun fired both the bullet found in the car door and a bullet recovered from the crime scene.

Also at the crime scene, officers recovered broken glass from the street. A police forensics expert matched that glass to a sample of window glass taken from the car.

The defense presented no witnesses, instead focusing on impeachment of the prosecution's witnesses particularly as to the identification of the shooter. Counsel affirmatively argued to the jury that petitioner was not the shooter, but had merely come to the party to pick up his girlfriend. He also argued that petitioner had no motive or intent to kill anybody, and that whoever fired the shots did so randomly. Counsel suggested that the gunfire came from an unidentified person who shot out the rear window of petitioner's car and into the crowd of party-goers.

C. Outcome

The jury returned guilty verdicts on both counts of attempted murder, and found true the allegations that petitioner had inflicted great bodily injury and personally discharged a firearm causing great bodily injury. 1 CT 206-209, 255-258; 2 RT 867-869.

On October 23, 2015, petitioner was sentenced to an aggregate term of 50 years to life, with an additional 11 years and 4 months. 1 CT 15.

II. Post-Conviction Proceedings

Petitioner timely appealed, on the sole ground that the prosecutor committed misconduct by arguing that the jury had no duty to consider "reasons why the defendant isn't guilty." ECF No. 13-1. The California Court of Appeal affirmed the judgment of conviction on December 13,

2016.  ECF No. 12-1.  The California Supreme Court denied review on February 22, 2017.  ECF No. 12-2.

On September 20, 2017, petitioner filed a petition for writ of habeas corpus with the Sacramento County Superior Court.  ECF No. 13-5.  On November 17, 2017, the petition was denied in a reasoned decision.  ECF No. 12-3.  On April 9, 2018, petitioner filed another habeas petition in superior court.  ECF No. 13-6.  It was denied in a reasoned decision on May 17, 2018.  ECF No. 12-4.

On June 22, 2018, petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Third Appellate District.  ECF No. 13-7.  The petition was summarily denied on July 6, 2018.  ECF No. 12-5.

On August 20, 2018, petitioner filed a habeas petition in the California Supreme Court. ECF No. 13-8.  On January 30, 2019, the petition was denied as follows:

> The petition for writ of habeas corpus is denied.  (See *People v. Duvall* (1995) 9 Cal. 4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence].)"

ECF No. 12-6.

The federal petition was docketed on May 23, 2019, ECF No. 1, and has been fully briefed.

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 569 U.S. 58, 64 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 563 U.S. 170, 180-181 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. at 181-182. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 182. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims

summarily, without a reasoned opinion. In <u>Richter</u>, <u>supra</u>, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. <u>Richter</u>, 562 U.S. at 102.

DISCUSSION

I.     <u>Claim One: Ineffective Assistance of Appellate Counsel in Failing to Challenge the Sufficiency of Evidence as to Intent</u>

       A.   <u>Petitioner's Allegations and Pertinent State Court Record</u>

Petitioner alleges that there was insufficient evidence of intent to sustain the attempted murder verdict, and that appellate counsel was ineffective in failing to present the issue on direct review. ECF No. 1 at 5. Petitioner had attempted to directly challenge the sufficiency of the evidence in state habeas, and the superior court ruled that the claim was record-based and therefore forfeited under California law by failure to have raised it on appeal. <u>See</u> ECF No. 1 at 22 (order denying habeas petition, attached as Exhibit A to federal petition). Petitioner argues here that appellate counsel's failure to include the issue thus deprived him of the opportunity for review of the sufficiency of evidence. ECF No. 1 at 18. He contends that "no evidence exist[s] in the case to support an 'express intent to kill,' regarding petitioner's two attempted murder charges." <u>Id.</u> at 5.

Petitioner attaches to his petition in this court, as he did in state court, a letter that he received from appellate counsel in May 2016 explaining why various omitted issues were omitted. ECF No. 1 at 28-33 (exhibit to federal petition); ECF No. 13-8 at 32-37 (exhibit to petition filed in California Supreme Court). In this letter, counsel provided a thorough explanation of his evaluation of potential claims petitioner wanted to raise and counsel's reasons for rejecting each of them. As to the sufficiency of the evidence, counsel noted that "the only potential appealable claim regarding insufficiency would be the element of intent to kill." <u>Id.</u> at 28. He then proceeded to explain why that issue was not worth pursuing. He explained first that proof of motive is not required, and that its absence does not defeat a finding of intent. Counsel then provided an extensive discussion of California case law regarding the so-called "kill zone"

6

or "KZ" theory. He explained that the prosecutor had relied on this theory, but that it was merely a specific application of traditional intent to kill principles:

> The DA … told the jury that the way the shooting happened (judged from the evidence, in other words, where the bullets were fired from and where they landed) proved that your intent was "to kill everyone in the zone of fire," in other words everyone from the left side of the garage (Nick Sr.) to the right side of the garage (Julian) and anyone in between (the people who were not hit because of the boat). That's the KZ theory.
>
> … [Under People v. Bland] the KZ theory is not a "legal doctrine" requiring a special instruction. In other words, a jury could look at the facts without a KZ instruction and by the way the shooting went down believe that the shooter "intended" to kill everyone and anyone in the line of fire, because shooting in that manner would obviously put everyone in the group at risk of being shot.…
>
> … [Under Bland and People v. Stone] there does not have to be any intent at all to kill any specific person in the group. The facts simply have to show that by the way the shooting was conducted there was an intent to kill everyone in the group.…
>
> … What this all means is that under a "traditional" intent to kill theory and under the KZ theory it is proper for the DA to argue that even if the defendant did not have a personal "motive," if he shot a bunch of times into a crowd then the defendant meant to kill everyone in the KZ...

Id. at 29-30.

### B. The Clearly Established Federal Law

A criminal defendant enjoys the right to the effective assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387, 391 (1985). Claims of appellate ineffectiveness are evaluated under the framework of Strickland v. Washington, 466 U.S. 668 (1984). Smith v. Robbins, 528 U.S. 259, 285 (2000). Under Strickland, the Sixth Amendment is violated when (1) counsel's representation falls below an objective standard of reasonableness, and (2) the defendant is prejudiced by the unreasonable performance. Strickland, 466 U.S. at 692, 694. There is a rebuttable presumption that counsel's strategic choices are reasonable. Id. at 694-695. To demonstrate prejudice in the appellate context, petitioner must show a reasonable probability that he would have prevailed on appeal absent counsel's alleged errors. Smith, 528 U.S. at 285-286.

### C. The State Courts' Rulings

The California Supreme Court denied all claims at issue in this case with citation to

1  People v. Duvall, 9 Cal. 4th 464, 474 (1995).  ECF No. 12-6.  Respondent argues that such
2  citation indicates a merits adjudication.  ECF No. 12 at 9.  Respondent points out that the cited
3  page of the Duvall opinion states that the burden is on petitioner to establish grounds for relief,
4  and that the opinion goes on to explain that summary denial is appropriate where petitioner fails
5  to make out a prima facia claim.  Id.  Such an adjudication would require this court to review the
6  denial of petitioner's claims under Richter, 562 U.S. at 102.  However, the California Supreme
7  Court order denying petitioner's claims did not simply cite to page 474 of the Duval opinion, nor
8  did it quote the language in Duval on which respondent relies here.  Rather, it noted
9  parenthetically Duval's rule that "a petition for writ of habeas corpus must include copies of
10 reasonably available documentary evidence."  ECF No. 12-6.  That sounds very much like a
11 denial for failure to follow a procedural rule.
12          Petitioner did in fact include some documentary evidence with his petition to the
13 California Supreme Court.  It is accordingly unclear whether the state court meant that the
14 evidence provided failed to support a prima facie claim for relief, or that it was denying the
15 petition for violation of a procedural requirement that additional portions of the record be
16 submitted.  To the extent the denial was based on a procedural rule, respondent relies on the
17 procedural default doctrine. ECF No. 12 at 9.  This court need not determine the basis for the
18 state court's decision, however, because even if there had been a procedural default it could be
19 bypassed in federal habeas.  See Lambrix v. Singletary, 520 U.S. 518, 525 (1997) (a procedurally
20 defaulted claim may be denied on the merits).
21          There are also potentially tricky questions about whether the California Supreme Court's
22 order, if construed as a summary merits denial, is subject to the "look through" presumption
23 under Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  See Gill v. Ayers, 342 F.3d 911, 917 n. 5
24 (9th Cir. 2003) (explaining that federal courts "look through" unexplained habeas ruling of higher
25 state courts to the last reasoned decision); Bonner v. Carey, 425 F.3d 1145, 1148 n.13 (9th Cir.
26 2005) (same).  Here, the superior court issued a reasoned opinion on petitioner's claims of
27 appellate ineffectiveness before those claims were presented to the California Supreme Court.
28 ECF No. 12-4.  Under the longstanding line of Ninth Circuit authority exemplified by Gill and

1  Bonner, the superior court decision would be the subject of § 2254(d) review. That approach,
2  however, has been called into question by the California Supreme Court's more recent
3  clarification that it does not adopt the reasoning of lower courts when denying an original habeas
4  petition. Robinson v. Lewis, 9 Cal.5th 883, 896 (2020).

5  It is unnecessary in this case to decide which state habeas decision is the proper subject of
6  § 2254 review. The superior court denied all claims for lack of a prima facie case of ineffective
7  assistance on appeal. ECF No. 12-4 at 3-4. A summary merits adjudication by the California
8  Supreme Court is also an implicit ruling that there has been no prima facie showing. See Duval,
9  9 Cal.4th at 474. In reviewing either of these decisions on the merits, the absence of a prima facie
10 case is the determination that must be reviewed for reasonableness under § 2254(d). Nunes v.
11 Mueller, 350 F.3d 1045, 1054-55 (9th Cir. 2003), cert. denied, 543 U.S. 1038 (2004).

      D. Objective Reasonableness Under § 2254(d)

13 The state courts could reasonably have rejected the claim of appellate ineffectiveness on
14 the performance prong of Strickland. The superior court expressly did so. ECF No. 12-4 at 3.
15 Appellate counsel has no constitutional obligation to raise even non-frivolous issues which, in
16 counsel's judgment, have little or no likelihood of success. Jones v. Barnes, 463 U.S. 745, 751-
17 54 (1983). To the contrary, winnowing out weak arguments on appeal is a hallmark of effective
18 advocacy, not an indicator of ineffectiveness. Smith v. Murray, 477 U.S. 527, 536 (1986); see
19 also Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). The presumption of effective
20 appellate advocacy is overcome only where the omitted issues are "clearly stronger" than those
21 presented on appeal. Smith v. Robbins, 528 U.S. at 288.

22 Here no speculation is needed about counsel's reasons for omitting a challenge to the
23 sufficiency of the evidence. His May 2016 letter to petitioner demonstrates that counsel made a
24 reasonable judgment that the issue had little or no likelihood of success. In light of the California
25 authority discussed in the letter, and the principle that jurors may infer intent from the
26 circumstances of a shooting, the decision not to pursue this issue cannot be deemed unreasonable.
27 Still less can the state courts' rejection of the claim under Strickland standards be considered
28 objectively unreasonable. Accordingly, the claim of ineffective assistance fails under any

standard of review.

The same considerations would support reasonable rejection of the claim on prejudice grounds. Especially given the highly deferential standard of review that applies to insufficient evidence claims on appeal,[3] it is not reasonably likely that petitioner would have prevailed had counsel raised this issue.

In sum, the undersigned concurs with the state courts that petitioner failed to present a prima facie claim of ineffective assistance of counsel on appeal. The claim fails on the merits even without reference to § 2254(d) standards.

### II. Claim Two: Ineffective Assistance of Appellate Counsel in Failing to Raise Trial Counsel's Failure to Call Witnesses

#### A. Petitioner's Allegations and Pertinent State Court Record

Petitioner alleges that appellate counsel provided constitutionally defective representation by failing to present a claim of trial counsel's ineffectiveness in failing to call two witnesses to the stand at trial. Petitioner states that these witnesses would have testified to a struggle between petitioner and his wife in the car immediately before the gun went off, "ultimately negating the intent element of the crime charged." ECF No. 1 at 7. The claim is supported by declarations from the two witnesses, Priscilla Romero and Magdelena Vela.[4]

Priscilla Romero declares in relevant part that petitioner "never had any problems or ill feelings with anybody that was in the house." ECF No. 1 at 38. When she joined him in his car outside the party, they argued "over why he was drinking and also why I went to the party and why I was drinking." Id. at 39. She observed a gun on the front seat of the car, and its presence worried her. She grabbed the gun, and she and petitioner started to struggle over it. As petitioner was driving away, and while Ms. Romero's hand was still on the gun, she heard "rapid gun shots being fired and the bullets broke through the glass of the closed dark passenger side window and back passenger door." Petitioner panicked and drove off. Id.

---

[3] See People v. Westerfield, 6 Cal. 5th 632, 713 (2019).
[4] Priscilla Romero's declaration is attached to the petition at ECF No. 1, pp. 37-40, and Magdelena Vela's declaration is at ECF No. 1, pp. 42-43.

Magdelena Vela, Priscilla Romero's mother, declares that she received a phone call from Priscilla on the night of the shooting. Priscilla was frantic and crying uncontrollably, and she said that she and petitioner had been struggling over a gun in the car when it accidentally fired. ECF No. 1, pp. 42-43.

Petitioner first presented these declarations in support of a motion for new trial, which was filed in the trial court by new counsel and included an allegation that previous counsel been ineffective in failing to discover and present the testimony. 1 CT 283-300. The motion was denied on the grounds that (1) the declarations were not "new evidence;" (2) the declarations were not credible; and (3) the testimony would not likely lead to a different result at a new trial. The court also expressly found that petitioner had not shown ineffectiveness of prior counsel in failing to discover and present the testimony. 2 CT 336-342 (tentative ruling); see also CT 376 (adoption of tentative ruling).

In his first round of state habeas, petitioner alleged that trial counsel had been ineffective in failing to call Romero and Vela to the stand. The superior court denied the claim on the grounds that it was a record-based claim in light of the new trial motion, therefore could have been raised on direct appeal, and was forfeited by petitioner's failure to do so. ECF No. 1 at 22.

The letter from appellate counsel that petitioner has attached to the petition establishes that the issue was considered and rejected by counsel. Counsel first explained that the standard of appellate review applicable to a new trial motion made success unlikely. He further explained that the proffered testimony did not count as "new" evidence because petitioner necessarily knew about it even if his lawyer did not. Finally, he pointed out that because the defense had argued at trial that petitioner was not the shooter, saying there had been a struggle with the gun would have been inconsistent. ECF No. 1 at 30-31.

B. The Clearly Established Federal Law

The U.S. Supreme Court precedent governing claims of ineffective assistance on appeal has been set forth above and is incorporated here by reference.

C. The State Court's Ruling

As explained above, the undersigned elects to bypass any arguable procedural default

issue, and evaluates the state courts' summary rejection of the claim on the merits.

### D. Objective Reasonableness Under § 2254(d)

Denial of this claim by the state courts for lack of a prima facie case was not objectively unreasonable. Appellate counsel considered and rejected this claim for perfectly legitimate reasons, including an unfavorable standard of review and facts that made success unlikely. Moreover, as the superior court pointed out, appellate counsel's letter suggests that petitioner had not told trial counsel that these witnesses had favorable testimony to offer, so trial counsel cannot have been ineffective in failing to call them. ECF No. 12-4 at 3. For all these reasons, omitting the issue from the direct appeal was not an indicator of ineffectiveness but a permissible winnowing out of a weak argument. See Smith v. Murray, 477 U.S. at 536.

For the same reasons, omission of the issue from petitioner's appeal cannot have been prejudicial because the issue was unlikely to succeed. Even without consideration of § 2254 standards, the claim fails on the merits.

### III. Claim Three: Ineffective Assistance of Appellate Counsel in Failing to Challenge the Trial Court's Denial of a Lesser Included Offense Instruction

#### A. Petitioner's Allegations and Pertinent State Court Record

Petitioner alleges that appellate counsel unreasonably omitted the claim that the trial court erred by failing to instruct on the "lesser included offense" of assault with a deadly weapon. ECF No. 1 at 8. The record reflects that trial counsel requested a jury instruction on the lesser related offense of assault with a deadly weapon likely to produce great bodily injury. 2 RT 731. The People objected to the instruction, and the trial court denied the request. 2 RT 731. The jury was instructed on attempted involuntary manslaughter as a lesser included offense.

Appellate counsel's 2016 letter addresses his reasons for rejecting a claim that it was error not to instruct on negligent discharge of a firearm, explaining that negligent discharge it is not a lesser included offense of attempted murder. ECF No. 1 at 30. The letter does not address the issue of assault with a deadly weapon as a possible lesser included or lesser related offense.

#### B. The Clearly Established Federal Law

The U.S. Supreme Court precedent governing claims of ineffective assistance on appeal

has been set forth above and is incorporated here by reference.

### C. The State Court's Ruling

As explained above, the undersigned elects to bypass any arguable procedural default issue, and evaluates the state courts' summary rejection of the claim on the merits.

### D. Objective Unreasonableness Under § 2254(d)

Under any standard of review, it would have been reasonable for appellate counsel not to raise this issue. Under California law, "A defendant has no right to instructions on lesser related offenses, even if he or she requests the instruction and it would have been supported by substantial evidence, because California law does not permit a court to instruct concerning an uncharged lesser related crime unless agreed to by both parties." People v. Jennings, 50 Cal. 4th 616, 668 (2010). Appellate counsel cannot have performed deficiently in failing to assert a meritless argument.

Moreover, the jury was instructed on attempted involuntary manslaughter as a lesser included offense and nonetheless found petitioner guilty of attempted murder. That plainly indicates that the jury did not need to reach *any* lesser offense. Accordingly, failure to give the instruction—even if it had been error—was entirely harmless. The failure to raise the issue on appeal was therefore fully compatible with effective representation. This claim fails under any standard of review.

## IV. Claim Four: Ineffective Assistance of Appellate Counsel in Failing to Challenge the Identification Procedure

### A. Petitioner's Allegations and Pertinent State Court Record

Finally, petitioner alleges that appellate counsel unreasonably omitted the claim that petitioner's conviction rested in part on an impermissibly suggestive identification procedure. "The witness was under the influence of marijuana, at midnight, and testified to ducking behind a garage door during the shooting. After being shown a single photo of petitioner, the witness testified and identified petitioner." ECF No. 1 at 10. This issue is not addressed in appellate counsel's 2016 letter.

The record reflects that trial counsel made, then later withdrew, a motion challenging

"single-photo show ups" as unduly suggestive and seeking to exclude in-court identification based on such suggestive show ups. CT 136.

### B. The Clearly Established Federal Law

The U.S. Supreme Court precedent governing claims of ineffective assistance on appeal has been set forth above and is incorporated here by reference.

### C. The State Court's Ruling

As explained above, the undersigned elects to bypass any arguable procedural default issue, and evaluates the state courts' summary rejection of the claim on the merits.

### D. Objective Unreasonableness Under § 2254(d)

Summary denial of this claim was not objectively unreasonable. As noted above, trial counsel affirmatively withdrew a motion in limine presenting this issue, and the issue was therefore not preserved for appeal. Given the governing California law, it would have been reasonable for appellate counsel to conclude that the claim had been forfeited and was therefore not worth pursuing. See People v. Virgil, 51 Cal. 4th 1210, 1250 (2011) (because trial counsel did not object to identification procedure as overly suggestive, the claim is forfeited on appeal). Accordingly, the ineffective appellate assistance claim fails on the performance prong, and no prejudice is apparent. The claim lacks merit under any standard of review.

## CONCLUSION

For all the reasons explained above, the state courts' denial of petitioner's claims was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d). Even without reference to AEDPA standards, petitioner has not established any violation of his constitutional rights. Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections,

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 26, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE